Treat, Justice, delivered the opinion of the court: An indictment was found against Carpenter, the plaintiff in error, containing two counts; one for an assault on Washington F. Adams, with intent to commit murder, the other for an assault on the same person, with intent to commit mayhem. Plea not guilty. Verdict as follows: “We, the jury, find the defendant guilty of an assault with intent to commit a bodily injury on the person of Washington F. Adams.” A motion in arrest of judgment was made and denied, and the defendant sentenced to thirty days’ imprisonment, and to pay a fine of thirty dollars. The only question presented by the assignment of errors, which we consider necessary to be decided, is, whether on this indictment the jury could properly find the defendant guilty of an assault with intent to commit a bodily injury. It is well established by the authorities, that where a defendant is put on his trial bn an accusation which includes an offence of an inferior degree, the jury may acquit of the higher offence, and convict of the lesser, although there may be no count in the indictment specifically charging that particular offence. The greater includes the lesser offence of the same kindred character. If the proof fails to establish all of the allegations of the indictment, so as to have a conviction of the offence presented, but at the same time, shows that the defendant is guilty of a substantial crime, necessarily contained in the terms of the indictment, the jury may find him guilty of the minor offence. Thus, on an indictment for murder, the defendant may be acquitted of the murder, and found guilty of manslaughter. On an indictment for an assault with intent to commit murder, the jury may convict of a simple assault, where that offence is punishable by indictment. The charge of grand larceny may be reduced to petit larceny. In these cases the ingredients of the minor are necessarily included in the graver offence. 2 Hawk. P. C. 619, Ch. 47; 7 Bac. Abr. 32; 1 Chit. Crim. Law 250, 637; Stuart v. The State, 5 Ohio 145; The State v. Steadman, 7 Peters 495. It is contended that by the force of this rule the offence of an assault with intent to commit murder embraces the one of an assault with the intent to commit a bodily injury. A bare inspection of the fifty-second section of our criminal code, which creates and defines the latter offence, will show that such is not the case; to constitute this offence, the assault must be made with a deadly weapon, instrument, or thing, where no considerable provocation exists to justify it, or where the-circumstances of the assault show the defendant to be actuated by an abandoned and malignant heart. Some of [*199] the ingredients of this offence are not necessarily included in either of the offences of murder or an assault with the intent to eommit murder. For example: either of these offences maybe complete without the use of a deadly weapon. Murder may be committed or attempted by drowning, poisoning, and various other modes by which the destruction of human life can be effected, without the use or aid of any deadly weapon or instrument. We are therefore of the opinion, that on the indictment in question, the jury were not authorized to find the defendant guilty of an assault with intent to commit a bodily injury. Were the law otherwise, the judgment of the circuit court could not be sustained. The verdict is not broad enough to include the offence of an assault with intent to commit a bodily injury. It does not find all of the facts necessary to constitute the offence. It fails to find that the assault was made with a deadly weapon. The facts found by the jury show a simple assault only; an offence that would have amounted but to an assault and battery, had the intent been fully carried into execution. These two offences are not punishable by indictment under our laws; exclusive j urisdiction over them is expressly conferred on justices of the peace. In either point of view, the circuit court erred in pronouncing judgment against the defendant. The judgment of the circuit court is reversed. Judgment reversed.